**In re Randal Charles FOX, Alice Amanda Fox a/k/a Alice A. Kelly, Debtors.**

**Randal Charles FOX, Plaintiff,**

v.

**The UNITED STATES of America; INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 94–30243.
Adv. No. 94–3072.**

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 20, 1994.

John H. Fowler, Sevierville, TN, for plaintiff.

Carl K. Kirkpatrick, U.S. Atty., Knoxville, TN, Shannon L. Hough, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S. and its agency, the I.R.S.

### MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor, Randal Charles Fox, commenced this adversary proceeding by filing a Complaint on June 17, 1994, seeking a determination of the dischargeability of his federal income tax liabilities for 1985 and 1986.[1] The Internal Revenue Service (IRS) responded on July 25, 1994, with a motion entitled "Motion to Dismiss for Failure to State a Claim

upon Which Relief May Be Granted; or in the Alternative Motion for Summary Judgment" (Motion). The court, by an Order entered on July 26, 1994, directed the debtor to respond to the Motion within twenty days; however, he failed to respond leaving the court to assume that he does not oppose the Motion.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

### I

Pursuant to Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The factual dispute must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

The record consists of the Complaint, with attached exhibits, the Motion, and an affidavit executed by Shannon Hough, the Department of Justice attorney representing the IRS, with an attached exhibit.[2] The IRS has presented materials outside the pleadings. Accordingly, the court shall treat the Motion exclusively as one for summary judgment as provided in Fed.R.Civ.P. 12(b), incorporated into Fed.R.Bankr.P. 7012.

### II

■ The IRS argues that the debtor's 1985 and 1986 tax liabilities are nondis-

---

1. The codebtor, Alice Amanda Fox, is not a party to this adversary proceeding.

2. The attorney for the IRS filed her own affidavit in support of the Motion to establish the date the debtor filed his 1985 and 1986 returns and the date the IRS made its assessments. This affidavit does not meet the requirement of Fed.R.Civ.P. 56(e) that "affidavits shall be made on personal knowledge, [and] shall set forth such facts as

would be admissible in evidence." However, the debtor did not object to the affidavit or to the manner in which the exhibit was presented to the court and, thus, waived any objection. The exhibit and affidavit will accordingly be relied upon by the court in support of the IRS Motion to the extent they appear accurate. *See Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 89 (6th Cir.1993); *infra* note 3.

chargeable under Bankruptcy Code § 523(a)(1). Section 523(a)(1) provides in material part:

>    (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
>    (1) for a tax or a customs duty—
>
>    (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;
>
>    (B) with respect to which a return, if required—
>
>    (i) was not filed; or
>
>    (ii) was filed after the date on which such return·was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>
>    (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

11 U.S.C.A. § 523(a)(1) (West 1993).

As applicable to the present adversary proceeding, § 523(a)(1)(A) provides that certain tax claims entitled to priority status under § 507(a)(7) are nondischargeable. Section 523(a)(1)(A) makes nondischargeable the following tax claims entitled to priority status:

>    [A]llowed unsecured claims 'of governmental units, [but] only to the extent that such claims are for—
>
>    (A) a tax on or measured by income or gross receipts—
>
>    . . . .
>
>    (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable

law or by agreement, after, the commencement of the case[.]

11 U.S.C.A. § 507(a)(7)(A) (West 1993). For purposes of this adversary proceeding, a tax is considered "assessable" if the IRS makes the assessment "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)." 26 U.S.C.A. § 6501(a) (West Supp.1994).

The debtor filed his federal income tax returns for the years ending 1985 and 1986 on October 28, 1991. Under § 6501(a), the IRS is allowed to make assessments for additional tax until October 28, 1994, three years from the filing of the return. The IRS made its assessments between April 18, 1994, and April 25, 1994, by sending the debtor Tax Deficiency Notices that assessed an additional $9,262.89 for 1985 and $4,077.22 for 1986 in taxes, penalties, and interest.[3] Because the debtor filed his Chapter 7 petition on February 3, 1994, and the IRS made assessments between April 18, 1994, and April 25, 1994, the taxes in dispute were not assessed before commencement of the debtor's Chapter 7 case, but were assessable after commencement of the case under § 6501(a). Thus, the requirements of § 507(a)(7)(A)(iii) have been met and the debtor's 1985 and 1986 tax liabilities, except as to any penalties, are nondischargeable.[4] See In re Reed, 165 B.R. 959, 962 (Bankr.N.D.Ga.1993); Anderson v. United States (In re Anderson), 157 B.R. 104, 108 (Bankr.N.D.Ohio 1993); Wines v. United States (In re Wines), 122 B.R. 804, 807 (Bankr.S.D.Fla.1991), rev'd in part on other grounds, Bankr.L.Rep. (CCH) ¶ 74,674 (S.D.Fla. Apr. 8, 1992).

While § 523(a)(1) is dispositive of the dischargeability issue for the tax and interest portions of the debtor's tax liabilities, § 523(a)(7) determines the dischargeability of

---

3. Ms. Hough states in her affidavit that all the assessments were made on April 25, 1994. However, the exhibit attached to the affidavit and the Tax Deficiency Notices attached to the debtor's Complaint establish that the assessments were made on April 25, 1994, for the year ending December 31, 1985, and April 18, 1994, for the year ending December 31, 1986.

4. The Internal Revenue Service does not assert nondischargeability under § 523(a)(1)(B) or (C).

The debtor's tax liabilities are not of the type specified in § 523(a)(1)(B) because the debtor filed his Chapter 7 petition more than two years after he filed his 1985 and 1986 tax returns. Further, nondischargeability cannot be established under § 523(a)(1)(C). See Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984) ("[T]he failure to file is not in itself sufficient to prove fraud....").

the penalty portion.[5] Section 523(a)(7) provides that a tax penalty is dischargeable if it was "imposed with respect to a transaction or event that occurred [more than] three years before the date of the filing of the petition." 11 U.S.C.A. § 523(a)(7)(B) (West 1993); *see Roberts v. United States (In re Roberts)*, 906 F.2d 1440, 1443 (10th Cir.1990); *Henderson v. United States (In re Henderson)*, 137 B.R. 239, 242 (Bankr. E.D.Ky.1991). *Contra Ferrara v. Department of Treasury (In re Ferrara)*, 103 B.R. 870, 873 (Bankr.N.D.Ohio 1989). The applicable "transaction or event" in this case is the date the debtor's 1985 and 1986 tax returns were due, April 15, 1986, and April 15, 1987, respectively. *See Roberts*, 906 F.2d at 1444 & n. 6; *Paulson v. United States (In re Paulson)*, 152 B.R. 46, 49 (Bankr.W.D.Pa. 1992). Thus, the transaction for which the debtor's tax penalties were imposed occurred more than three years before he filed his Chapter 7 petition on February 3, 1994, and the penalty portion of his 1985 and 1986 tax liabilities is dischargeable under § 523(a)(7)(B).

For the reasons set forth herein, an appropriate Judgment will be entered granting in part and denying in part the defendant's Motion, and finding the debtor's 1985 and 1986 tax liabilities, except as to any penalties, nondischargeable.

### JUDGMENT

For the reasons set forth in the Memorandum on Defendant's Motion for Summary Judgment filed this date, it is ORDERED, ADJUDGED, and DECREED as follows:

1. The "Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted; or in the Alternative Motion for Summary Judgment" filed July 25, 1994, by the defendant is GRANTED in part and DENIED in part.

2. To the extent the defendant seeks a summary judgment determining the plaintiff's income tax liabilities for 1985 and 1986,

inclusive of taxes, interest, and penalties, nondischargeable under 11 U.S.C.A. § 523(a)(1)(A) (West 1993), its motion is granted with respect to the debtor's liability for taxes and interest. Such taxes and interest are accordingly nondischargeable. However, that portion of the defendant's claim attributable to a "filing late penalty" and "negligence penalty" is discharged.

---

5. Although the § 523(a)(7) dischargeability issue is not raised directly by the debtor in his Complaint or by the IRS in its Motion, it must necessarily be addressed by the court because a portion of the claim the IRS seeks to be declared nondischargeable is the debtor's liability for a "filing late penalty" and "negligence penalty."