**In re Stafford DAWSON, Debtor.**

**Bankruptcy No. 7–99–00792–13.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Nov. 15, 1999.

Darren T. Delafield, Roanoke, VA, for debtor.

Pat S. Genis, Tax Division, U.S. Department of Justice, Washington, DC, for IRS.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court for decision arises as a result of the debtor's objection to Claim No. 12 of the Internal Revenue Service (herein IRS). The issue involves priority status asserted by the IRS in its proof of claim for non-trust fund FICA and FUTA taxes. For the reasons stated in this decision and order, the court overrules the objection and allows the priority status asserted by IRS in Claim No. 12.

### *Facts:*

Both parties agree that the facts are not in dispute. The debtor filed his Chapter 13 proceeding on March 5, 1999. On June 4, 1999, the IRS filed an amended claim in the amount of $47,831.35. Of this sum, $34,833.96 was claimed as an unsecured priority claim and $12,997.37 was a general unsecured claim. The years of asserted tax liability are 1995 through 1998.

Debtor filed an objection to the proof of claim which states:

The Federal Unemployment Tax, FUTA, is not a trust fund tax nor a tax measured by the income of the debtor and is therefore not entitled to priority

treatment. Only the trust portion of the FICA tax is entitled to priority treatment. Interest on unpaid taxes should be accorded priority treatment on a *pro rata* basis with that portion of that tax accorded priority treatment. The total tax liability due priority treatment is $26,884.48.

### *Law and Discussion:*

The relevant bankruptcy code sections for determination of the issue of the priority claim for FUTA and non-trust fund FICA taxes are 11 U.S.C. § 507(a)(8)(D) [1] and 11 U.S.C. § 507(a)(3)(A) [2].

The debtor points to the reference in section 507(a)(8)(D) to paragraph 3 of section 507 and argues that the taxes must be related to wages, salaries, or commissions earned by the debtor within ninety (90) days before the date of the filing of his petition or the date of the cessation of the debtor's business, whichever first occurs. The sole basis for the debtor's objection to the non-trust fund FICA tax claim and the FUTA claim is that the wages of the debtor were earned more than ninety (90) days before the cessation of business or the filing of the debtor's petition. *In Re Pierce*, 935 F.2d 709, 711 (5th Cir.1991) holds that unemployment tax obligations are entitled to priority treatment under the Bankruptcy Code and that there is no "temporal basis" for applying 11 U.S.C. § 507(a)(3) to 11 U.S.C. § 507(a)(8)(D). With respect to priority treatment to be accorded non-trust fund portions of FICA taxes, *In re Paulson*, 152 B.R. 46, 48 (Bankr.W.D.Pa.1992) stands for the propo-

---

1. § 507. Priorities. (a) The following expenses and claims have priority in the following order: (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition.

2. § 507. Priorities. (a) The following expenses and claims have priority in the following order: (3) Third, allowed unsecured claims, but only to the extent of $4,300 for each individual or corporation, as the case may be, earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual.

sition that non-trust fund FICA taxes are eligible for priority treatment under 11 U.S.C. § 507(a)(8)(D).

This court finds that the reference in 11 U.S.C. § 507(a)(8)(D) to paragraph 3 of 11 U.S.C. § 507 is intended to describe the kind of wages which are to be included in that section and not the time periods for which those wages were classified as a priority. In short, the ninety (90) day period of time before the date of the filing of the petition or the date of the cessation of the debtor's business is not a consideration in determining the applicability of 11 U.S.C. § 507(a)(8)(D). Also, the debtor has attempted to draw a distinction between Chapter 7 cases and Chapter 13 cases in order distinguish *Pierce*. The court finds no merit in such a distinction. *Pierce* is equally applicable in Chapter 13 proceedings.

### *Conclusion:*

For the reasons stated, it is

### ORDERED:

That debtor's objection to Claim No. 12 be, and it hereby is **OVERRULED** and Claim No. 12 is **ALLOWED**.