**IN RE: William C. AIKMAN, Debtor.**

**William C. Aikman, Movant**

**v.**

**Internal Revenue Service, Respondent**

**Bankruptcy No. 10–20369–CMB**

United States Bankruptcy Court,
W.D. Pennsylvania.

Signed July 22, 2016

---

Christopher M. Frye, Steidl & Steinberg, Pittsburgh, PA, for Debtor.

## MEMORANDUM ORDER DENYING DEBTOR'S MOTION TO ENFORCE DISCHARGE AND FOR RETURN OF SEIZED INCOME TAX REFUND

Carlota M. Böhm, United States Bankruptcy Judge

The matter before the Court is the Debtor's Motion to Enforce Discharge and for Return of Seized Income Tax Refund ("Motion")[1] and the Internal Revenue Service's (the "IRS") Response thereto ("Response").[2] A hearing on the Motion and Response was held on May 10, 2016 whereby the Parties were directed to submit memoranda in support of their respective positions. Accordingly, the Debtor and the IRS each filed a brief[3] and the parties filed a joint stipulation as to the materials facts.[4] The matter is now ripe for decision.[5]

### Factual Background and Procedural History

The facts are undisputed. This case was commenced on January 22, 2010 (the "Pe-

---

1. Doc. No. 63.

2. Doc. No. 65.

3. Doc. Nos. 78 and 77, respectively.

4. Doc. No. 76.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter and the Court will enter final judgment.

tition Date") when the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.[6] The IRS filed a Proof of Claim at the outset of the Debtor's Chapter 13 case on February 18, 2010.[7] The IRS filed an Amended Proof of Claim dated June 1, 2010 ("Amended Claim").[8]

The Amended Claim indicates a total indebtedness in the amount of $52,813.99 representing unpaid taxes, interest and penalties thereon for tax years 2006 and 2007. Both the 2006 and 2007 tax indebtedness were due within three years of the Petition Date. The Amended Claim breaks down the tax liability as follows: a secured claim in the amount of $6,845.57; an unsecured priority claim in the amount of $38,370.09 pursuant to 11 U.S.C. § 507(a)(8); and a general unsecured claim in the amount of $7,598.33. The general unsecured amount represents "penalty to date of petition on unsecured priority claims (including interest thereon)."[9] The Debtor did not incur any additional unpaid tax obligations to the IRS for any year other than 2006 and 2007.[10]

The Debtor, through his Chapter 13 plan, made payments to the IRS in which the secured and unsecured priority claims were paid in full, while the general unsecured claim was paid down, but retained a balance of approximately $7,000.00.[11] Thereafter, the case was converted to Chapter 7 on October 31, 2014.[12] The Debtor received a discharge under section 727 of the Bankruptcy Code on February 27, 2015 ("Discharge Order").[13]

The Debtor filed his 2015 federal income tax return in February of 2016. From the 2015 tax return, the Debtor was to receive a federal income tax refund in the amount of $2,873.00 ("Refund"). However, the Debtor never received the Refund as the IRS seized it, indicating the Refund would be applied to the delinquent taxes left unpaid by the Debtor in his bankruptcy. Now the Debtor seeks the release of the Refund to the Debtor as well as a correction to all records to indicate there are no additional monies due and owing to the IRS alleging the IRS's seizure of the Refund violated the discharge injunction as a wrongful attempt to collect a discharged debt.

### Analysis

A discharge under § 727 of the Bankruptcy Code generally discharges the debtor from all debts that arose before the filing of the debtor's petition with some notable exceptions, including certain debts provided in § 523.[14] As applicable to the present issue, § 523(a)(1)(A) does not permit a Chapter 7 debtor to discharge any debt for a tax as specified in section 507(a)(3) or 507(a)(8) of the Bankruptcy Code, whether or not a claim for such tax

---

6. Doc. No. 1. All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et. seq.*

7. Claim No. 5–1.

8. Claim No. 5–2.

9. Claim 5–2.

10. Doc. No. 76.

11. Doc. No. 56.

12. Doc. No. 47.

13. Doc. No. 59. The Discharge Order provides:

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).
. . .
Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:
  a. Debts for most taxes;
  b. Debts incurred to pay nondischargeable taxes;
. . .

14. 11 U.S.C. § 727(b).

was filed or allowed.[15] Nondischargeable taxes under § 507(a)(8) include claims for a tax on or measured by income for a taxable year due within the three years before the date the petition is filed.[16] The Parties agree and the Court finds that the Debtor's 2006 and 2007 federal tax returns were both due within three (3) years of the Petition Date.[17] As such, the taxes comprising the IRS's secured claim and unsecured priority claim are the kinds of taxes described in section 507(a)(8) and, therefore, are not dischargeable pursuant to section 523(a)(1)(A). This conclusion, however does not resolve whether the IRS could seize the Refund to recover the general unsecured claim—a claim including the penalties on the section 507(a)(8) taxes.

While section 523(a)(1) is dispositive of the dischargeability issue for the tax and interest portions of a debtor's tax liabilities, § 523(a)(7) determines the dischargeability of the penalty portion—the kind of debt at the center of the instant dispute. Section 523(a)(7) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

. . .

■ The statute's plain language provides two exceptions in which a tax penalty may be found to be dischargeable:[18] (A) if the penalty was imposed upon a tax that is dischargeable[19] or (B) if the penalty was "imposed with respect to a transaction or event that occurred [more than] three years before the date of the filing of the petition."[20] Here, the debt in question fails to fall into either category of exceptions that permits the discharge of tax debts provided in subsection (A) or (B) of section 523(a)(7).

Subsection (A) permits discharge of a tax penalty where the underlying tax is also dischargeable.[21] "That is, part (A) makes dischargeable tax penalties attribut-

---

**15.** 11 U.S.C. § 523(a)(1)(A).

**16.** 11 U.S.C. § 507(a)(8)(A)(i) states:

Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
(i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

. . .

**17.** Doc. No. 76.

**18.** *In re Burns*, 887 F.2d 1541, 1544 (11th Cir.1989) (explaining "[s]ince the statute uses the disjunctive, a tax penalty that does not qualify for discharge under one of the two aforementioned circumstances may still qualify under the other."); *See also McKay v. United States.*, 957 F.2d 689, 693 (9th Cir.1991); *In re Roberts*, 906 F.2d 1440, 1445 (10th Cir. 1990).

**19.** 11 U.S.C. § 523(a)(7)(A).

**20.** 11 U.S.C. § 523(a)(7)(B).

**21.** *In re Kish*, 238 B.R. 271, 287 (Bankr. D.N.J.1999).

able to dischargeable taxes. This follows because part (A) relates to a tax of a kind *not* specified in paragraph (1) of this subsection. Those types specified in paragraph (1) are not dischargeable taxes."[22] In relevant part "paragraph (1) of this subsection" makes not dischargeable "any debt" that is "of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed."[23] As already discussed, the underlying taxes are not dischargeable pursuant to section 523(a)(1)(A). Thus, the penalties comprising the IRS's general unsecured claim do not come within the ambit of the exception to nondischargeability found in section 523(a)(7)(A). The debt may still be dischargeable pursuant to § 523(a)(7)(B) even where it is found nondischargeable under § 523(a)(7)(A).

In the instant case, however, the debt does not qualify under either subsection. The Debtor argues that the "transaction or event" language in § 523(a)(7)(B) refers to the tax year itself (2006) rather than the date the taxes became due (April 15, 2007) and, therefore, the debt was incurred prior to the three years before the Petition Date and falls into the exception to nondischargeability of tax penalties pursuant to § 523(a)(7)(B).[24] According to the Debtor, the penalties accrued before the Debtor would have been required to file his income tax return. This reasoning does not comport with the Internal Revenue Code, precedent, or logic.

The Internal Revenue Code provides that individuals who compute their taxes on the basis of the calendar year must file their Federal income tax return by the 15th day of April following the close of such calendar year.[25] Penalties are assessed, in addition to the tax, for failure to file a Federal income tax return by its due date determined with regard to any extension of time for filing.[26] The passage of the due date is the event that triggers the imposition of a penalty and not the start of the tax year itself. Accordingly, other courts similarly faced with the dischargeability of a tax penalty pursuant to 523(a)(7)(B) have found the applicable "transaction or event" is the date the returns were due.[27] In this case, the date the 2006 returns were due was April 15, 2007—within the three years before the Petition Date. Thus, the IRS's general unsecured claim does not qualify as a dischargeable tax penalty pursuant to section 523(a)(7)(B).

### *Conclusion*

Having found the penalties do not fall into either exception providing for the discharge of tax penalty liabilities under § 523(a)(7), the Court concludes the IRS's general unsecured claim was not discharged in the Debtor's Chapter 7 case and the IRS did not violate the Discharge Order by seizing the Refund. Further, because the Parties do not dispute that both the 2006 and 2007 tax indebtedness were due within three years of the Petition Date, the Court need not distinguish between which portion of the remaining indebtedness may represent interest on the taxes and which portion may represent

---

**22.** *McKay v. United States,* 957 F.2d at 693 (internal citations omitted).

**23.** 11 U.S.C.§ 523(a)(1)(A).

**24.** Doc. No. 78 at 4.

**25.** 26 U.S.C. § 6072(a)

**26.** 26 U.S.C. § 6651.

**27.** *In re Fox,* 172 B.R. 247, 250 (Bankr.E.D.Tenn.1994)(citing *Roberts v. United States,* 906 F.2d 1440, 1444 & n. 6 (10th Cir.1990); *Paulson v. United States,* 152 B.R. 46, 49 (Bankr.W.D.Pa.1992)).

penalties as all sums would have been incurred based upon an underlying nondischargeable tax liability as well as within the three years prior to the Petition Date and, therefore, are nondischargeable. The IRS's general unsecured claim survived the Debtor's Chapter 7 bankruptcy discharge and the IRS is entitled to recoup this indebtedness.

It is hereby **ORDERED, ADJUDGED, and DECREED** that the Motion to Enforce Discharge and for Return of Seized Income Tax Refund (Doc. No. 63) is **DENIED.**

See also 551 B.R. 577.