In re William Gail JONES, Jr. dba
Reedurban Tavern, Debtor.

William Gail JONES, Jr. dba Reedurban
Tavern, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–61623.
Adv. No. 94–6044.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 18, 1994.

Edwin H. Breyfogle, Massillon, OH, for plaintiff.

Stacy Hallett, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The matter before the court is a Motion for Summary Judgment filed by the defendant, the United States of America, on behalf of its agency, the Internal Revenue Service (IRS), in an action brought by William Gail Jones, Jr. (Debtor) to determine the dischargeability of certain of his tax debts. The Debtor filed a response to the IRS's motion, and the court took the matter under advisement.

### FACTS

The underlying facts in this matter are not in dispute. The Debtor filed a petition for

relief under Chapter 13 of Title 11 on June 17, 1992. On June 18, 1993, the case was dismissed. Approximately two months later, on August 26, 1993, the Debtor filed the present petition for relief under Chapter 7 of Title 11.

The IRS filed a proof of claim relating to federal income taxes due for the 1986 and 1987 tax years. The proof of claim relating to 1986 included $16,649.00 of tax liability, $8,055.78 of prepetition penalties and $18,-605.45 of prepetition interest. The proof of claim relating to 1987 included $1,098.00 of tax liability, $526.55 of prepetition penalties, and $953.52 of prepetition interest.

The Debtor filed his federal income tax returns for 1986 and 1987 on December 3, 1990 and November 29, 1990, respectively. The IRS was prevented from attempting to collect the Debtor's 1986 and 1987 taxes during the pendency of his chapter 13 proceeding, pursuant to 11 U.S.C. § 362.[1]

### DISCUSSION

■ The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

Standards on summary judgment under Fed.R.Civ.P. 56, are made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056. Rule 56 provides for a grant of summary judgment as follows:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

1. The IRS was also prevented from attempting to collect the Debtor's 1986 and 1987 tax debts during the pendency of the current Chapter 7 proceeding, pursuant to 11 U.S.C. § 362. However, this time period is not at issue in this matter.

The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The ultimate burden of demonstrating the existence of a genuine issue of material fact, however, lies with the nonmoving party. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553. *See also, First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" F.R.Civ.Proc. 56(e) (emphasis added).... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).

■ As a general rule, a Chapter 7 debtor is granted a discharge of all his prepetition debts. 11 U.S.C. § 727(b). However, certain debts are excepted from discharge. 11 U.S.C. § 523. In any inquiry to determine the dischargeability of a particular debt, the creditor bears the burden of showing by a preponderance of the evidence that it should be excepted from discharge. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).[2]

The IRS argues that the Debtor's 1986 and 1987 tax debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii), which excepts from discharge any debt with respect to which a required return "was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition." The Debtor filed his 1986 and 1987 tax returns after their respective due dates but not within two years of the date of his Chapter 7 petition. Thus, it appears from the face of Section 523(a)(1)(B)(ii) that these tax debts should not be excepted from discharge. However, the IRS argues that the two year time period was suspended during the pendency of the Debtor's prior Chapter 13 proceeding. If we accept that argument, the tax debts at issue would fall within Section 523(a)(1)(B)(ii) and would thus be excepted from discharge.[3]

■ Nothing in the Bankruptcy Code expressly provides that the two year time period is suspended during the pendency of a prior bankruptcy. The IRS argues that Section 105(a) of the Bankruptcy Code permits the court to suspend the two year period in Section 523(a)(1)(B)(ii). Section 105(a) provides that a bankruptcy court may "issue any order, process, or judgment that is necessary to carry out the provisions" of the Bankruptcy Code and take any action or make any determination "necessary to enforce or im-

**2.** To the extent that we hold that the tax debt is nondischargeable, the related penalties will also be nondischargeable. 11 U.S.C. § 523(a)(7). The claim for prepetition interest is treated as a part of the tax debt and thus is nondischargeable to the extent the related tax liability is nondischargeable. 11 U.S.C. § 502(b).

**3.** The Debtor filed his 1987 tax return on November 29, 1990 which was 1,000 days before he filed his Chapter 7 petition. His Chapter 13 case was pending for 366 of these 1,000 days. If we suspend the two year time period, the Debtor filed his 1987 tax return, for purposes of determining dischargeability under Section 523(a)(1)(B)(ii), 634 days before he filed his Chapter 7 petition. That section excepts only those tax debts for which a required return was filed within 2 years (730 days) of the filing of the bankruptcy petition. Thus, if we suspend the two year period while the Debtor's Chapter 13 proceeding was pending, the Debtor's 1987 tax liability would be excepted from discharge.

The same analysis applies to the Debtor's 1986 taxes, except that for purposes of determining dischargeability under Section 523(a)(1)(B)(ii), he filed his 1986 tax return 630 days before he filed his Chapter 7 petition. Thus, if we suspend the two year time period while his Chapter 13 proceeding was pending, the Debtor's tax debt would be excepted from discharge.

plement court orders or rules, or to prevent an abuse of process." However, the court cannot exercise these equitable powers in a manner that is inconsistent with the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988); *Wasserman v. Immormino (In re Granger Garage, Inc.),* 921 F.2d 74, 77 (6th Cir.1990).

Many courts have recently addressed the issue of whether successive filings suspend the time periods in 11 U.S.C. §§ 507(a)(7) and 523(a)(1)(B)(ii). *U.S. v. Richards (In re Richards ),* 994 F.2d 763 (10th Cir.1993) (240 day assessment period of section 507(a)(7)(A)(ii)); *Florence v. Internal Revenue Service (In re Florence ),* 115 B.R. 109 (Bankr.S.D.Ohio 1990) (three year period of section 507(a)(7)(A)(i)); *Stoll v. Internal Revenue Service (In re Stoll ),* 132 B.R. 782 (Bankr.N.D.Ga.1990) (three year period of section 507(a)(7)(A)(i), two year period of section 523(a)(1)(B)(ii) and three year period of section 523(a)(7)(B)). Although the reasoning in these cases varies, the courts have consistently held that the respective time periods are suspended by successive filings. We agree with the reasoning of the Tenth Circuit in *Richards* and hold that suspending the two year time period of Section 523(a)(1)(B)(ii) is within this court's powers under Section 105(a).

The court believes that its holding is consistent with the policy of Section 523(a)(1)(B). Under that section, a debtor is not discharged from a debt with respect to a tax for which a required return was not filed or for which a required return was filed late but within two years of the bankruptcy petition. If Section 523(a)(1)(B) related only to compliance with the federal and state tax filing deadlines, as the Debtor has argued, there would be no need for the two year time period in subpart (ii); the only nondischargeable tax debts would be those for which a required return was not filed. The two year time period in subpart (ii) indicates that Congress intended to allow the tax authorities a reasonable time to collect the tax or create a lien on the assets of the debtor. Suspending the two year time period during a prior bankruptcy proceeding furthers that intent.

Under Section 523(a)(1)(B)(ii), if a debtor files a late tax return and then a bankruptcy petition within two years, the related tax debt would not be discharged. However, if we adopt the Debtor's view and do not suspend the time period, that debtor could wait, while the automatic stay prevented the IRS from collecting the related tax debt, until the two year period expired, voluntarily dismiss the initial case, and then file a new petition the following day which would discharge the tax debt. We doubt that Congress intended such a result.

The court holds that the Debtor's tax debts are not dischargeable, and an order in accordance with the foregoing shall issue forthwith.