### In re Nollie J. BRABHAM, Ina Claire Brabham, Debtors.

### Bankruptcy No. 95–00553–RRS–13.

United States Bankruptcy Court,
M.D. Alabama.

July 30, 1997.

---

Earl Gillian, Jr., Montgomery, AL, for debtor.

Kent Brunson, Asst. U.S. Atty., Montgomery, AL, for I.R.S.

Curtis C. Reding, Montgomery, AL, Chapter 13 Trustee.

*OPINION ON OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE*

RODNEY R. STEELE, Chief Judge.

This opinion is about the dischargeability of federal income tax penalties in a chapter 7 bankruptcy case.

Debtors filed a Chapter 7 on July 26, 1994. They owed FICA and FUTA taxes for their corporation GJ and H Inc. They received a discharge and have now filed a chapter 13, listing certain of those tax debts as owing. IRS has filed a claim for taxes, interest and penalties, and has now filed an amended claim which omits certain quarters of FICA

and a part of the FUTA liability. The parties are agreed that the taxes now owing are for 3/31/94 FICA, 6/30/94 FICA, part of 9/30/94 FICA and a reduced 12/31/94 FUTA, and that those taxes were not discharged by the Chapter 7 case.

Are the penalties related to those non-discharged taxes discharged by the Chapter 7 discharge order?

Debtor, objecting to the IRS claim, says they are because 11 U.S.C. § 507(a)(8)(G) and 11 U.S.C. § 523(a)(7) make non-compensatory tax penalties non-priority and therefore excepted from the exception of § 523(a)(7).

The IRS says the penalties are not discharged because § 523(a)(7) sets out only two exceptions to non-discharge: (1) that the penalty is not related to a priority tax liability, or (2) that the penalty is imposed with respect to a transaction or event which occurred more than three years before the chapter 7 case was filed.

The apparent conflict between these two positions must be resolved in favor of the IRS.

Section 507(a)(8) defines tax priorities, and includes actual pecuniary loss penalties, § 507(a)(8)(G). But tax penalties are not named in the non-discharge provision of Section 523(a)(1). Only taxes or customs duties are named. Penalties are separately treated.

Punitive tax penalties (those which are not compensation for actual pecuniary loss) generally are not discharged. Section 523(a)(7).

But a punitive tax penalty (non-compensatory) which relates to a dischargeable, non-priority tax claim is dischargeable. Section 523(a)(7)(A). And a punitive tax penalty imposed with respect to a transaction or event that occurred more than three years before the filing of the bankruptcy petition may be dischargeable. § 523(a)(7)(B).

In this case, the tax penalty is punitive. And while it may be a non-priority tax penalty, it relates to a priority tax claim. It also relates to a non-dischargeable tax debt. It was imposed with respect to a transaction

or event that occurred within three years before the filing of the debtors' previous bankruptcy petition on July 26, 1994.

The tax penalty here is thus not dischargeable.