**In re Salvatore Paul GAMBONE, Debtor.**

**Salvatore Paul GAMBONE, Plaintiff,**

v.

**STATE OF OHIO DEPARTMENT OF TAXATION, Defendant.**

**Bankruptcy No. 98–60176.
Adversary No. 98–6135.**

United States Bankruptcy Court,
N.D. Ohio.

July 16, 1998.

Charles E. Brown, Brown, Lundgren and Goldthorpe, Alliance, Ohio, Thomas A. Burns, Canton, Ohio, for Plaintiff.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

The Debtor brings this adversary proceeding to determine the dischargeability of his 1993 Ohio income tax debt.[1] The Debtor and the State of Ohio Department of Taxation (State of Ohio) agreed at a Scheduling Conference convened by the court that in view of a lack of factual dispute, the matter should be resolved upon the exchange of briefs. Said briefs have been submitted and carefully considered by the Court. For the reasons stated below, the Court finds in favor of the State of Ohio.

### FACTS

The Debtor timely filed an Ohio income tax return for the 1993 tax year on or about April 15, 1994. The Internal Revenue Service subsequently audited and adjusted the Debtor's tax returns for 1992 and 1993, disallowing certain deductions claimed by the Debtor which resulted in a tax liability for 1992 and 1993. The Debtor filed an amended Ohio income tax return for 1993 on or about July 18, 1996, indicating a tax liability of $14,872.00. On May 27, 1997, the State of Ohio issued an assessment for the unpaid tax liability. The assessment included a penalty of $5,621.30 and accrued interest of $2,810.65 from April 15, 1994, the original due date for the 1993 tax year, to the date of assessment. Thus, the Debtor owes the State of Ohio a total of $23,303.95 in taxes, penalties, and interest for the 1993 taxable year. The Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code on January 26, 1998, more than 240 days after the State of Ohio issued an assessment based on the Debtor's amended 1993 Ohio income tax return. On March 13, 1998, the Debtor filed a Complaint, pursuant to 11 U.S.C.

§ 523(a)(1), to determine the dischargeability of certain of his tax debts.

### DISCUSSION

The Court has jurisdiction in this adversary proceeding by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(I) of Title 28 of the United States Code. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Dischargeability under 11 U.S.C. § 523(a)(1)

As a general rule, a Chapter 7 debtor is granted a discharge of all his prepetition debts. 11 U.S.C. § 727(b). However, certain debts are excepted from discharge. 11 U.S.C. § 523. In any inquiry to determine the dischargeability of a particular debt, the creditor bears the burden of showing by preponderance of the evidence that its claim should be excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).[2]

The State of Ohio has advanced two alternative theories upon which the 1993 tax liability may be found nondischargeable. First, it argues that the Debtor's 1993 tax liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii) which excepts from discharge any debt with respect to which a return "was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition." It is undisputed that the Debtor's original 1993 Ohio income tax return was timely filed on or about April 15, 1994.[3] The

---

1. The Debtor's Complaint was originally filed against the United States of America and the State of Ohio Department of Taxation. However, the Debtor reached an agreement with the Internal Revenue Service as to the dischargeability of federal income taxes. Further, the Debtor and the State of Ohio agree that the Debtor's 1992 tax liability is dischargeable.

2. To the extent the tax debt is found to be nondischargeable, the related penalties will also be nondischargeable. 11 U.S.C. § 523(a)(7). The claim for prepetition interest is treated as part of the tax debt and thus is nondischargeable to the extent the related tax liability is nondischargeable. 11 U.S.C. § 502(b).

3. It is also undisputed that the State of Ohio assessed this tax liability more than 240 days

federal audit required the Debtor to file an amended Ohio income tax return for 1993. O.R.C. § 5747.10.[4] The Debtor filed this amended return on or about July 18, 1996, which is within two years of the filing of the Chapter 7 petition. The State of Ohio claims that the filing of this amended return within two years of the petition date requires a finding that the 1993 tax liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii).

Alternatively, the State of Ohio claims the tax liability is entitled to priority under 11 U.S.C. § 507(a)(8)(A)(1) and is excepted from discharge under 11 U.S.C. § 523(a)(1)(A).[5] Section 523(a)(1)(A) requires a finding of nondischargeability for any debt given priority treatment under Section 507(a)(2) or Section 507(a)(8) of the Bankruptcy Code. The State of Ohio contends that the Debtor's 1993 Ohio income tax return was "last due", under the provision of 11 U.S.C. § 507(a)(8)(A)(i), on or about July 18, 1996, when the amended return required by O.R.C. § 5747.10 was filed. Thus, the State of Ohio claims that the tax liability should be nondischargeable because the amended return was filed within three years of the filing of the Debtor's Chapter 7 petition.

The Court finds persuasive the State of Ohio's initial argument that the 1993 tax liability be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii). Section 523(a)(1)(B)(ii) "extends nondischargeability beyond the failure to file a return at all; it makes nondischargeable taxes for which a return had been filed beyond its last permitted due date, ... if the return is filed less than two years before the filing of the bank-

ruptcy petition." *See, generally,* **4 Collier on Bankruptcy** ¶ 523.07[3][b] (15th Ed.Rev. June 1998). For the purposes of § 523(a)(1)(B)(ii), the last permitted due date is the date the return *was due under applicable law* or any extension of the due date. *Id.* Thus, if a debtor files a tax return after its due date, including all proper extensions, the tax liability will be nondischargeable unless the tax return was filed at least two years before the filing of the bankruptcy petition. *Id.; Smith v. United States (In re Smith),* 96 F.3d 800 (6th Cir.1996).

In the present case, it is undisputed that the Debtor's federal income tax return was audited and adjusted which required the Debtor to file an amended state tax return. O.R.C. § 5747.10. It is also undisputed that this return was filed on or about July 18, 1996, which is within two years of the filing of the Debtor's Chapter 7 petition on January 26, 1998. The Sixth Circuit Court of Appeals has noted that statutes "must be read in a 'straightforward' and 'common-sense' manner," and that "[w]hen we can discern an unambiguous and plain meaning from the language [of the statute], our task is at an end." *Rogers v. Laurain (In re Laurain),* 113 F.3d 595, 597 (6th Cir.1997). Based upon this directive and the clear language of 11 U.S.C. § 523(a)(1)(B)(ii), the Court finds the Debtor's 1993 tax liability owed to the State of Ohio is nondischargeable since the amended state tax return required to be filed by state law was filed within two years of the filing of the Debtor's Chapter 7 petition. Accordingly, the 1993 Ohio tax liability owed by the Debtor is deemed nondischargeable and judgment is

---

before the filing of the petition and before the commencement of the case. Thus, this makes 11 U.S.C. § 507(a)(8)(A)(ii) and (iii) inapplicable to the case at bar. There are also no allegations of fraud or willful evasion to invoke the applicability of 11 U.S.C. § 523(a)(1)(C).

**4.** O.R.C. § 5747.10 reads, in pertinent part:

If any of the facts ... required on a taxpayer's annual return ... must be altered as the result of an adjustment to the taxpayer's federal income tax return ... and such alteration affects the taxpayer's tax liability under this Chapter or Chapter 5748 ... the taxpayer shall file an amended return ... The amended return shall

be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency ... has been assessed or paid, whichever occurs first.

**5.** Section 507(a)(8)(A)(i) establishes a priority for allowed unsecured claims of governmental units, only to the extent that such claims are for:
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

entered against the Debtor in the amount of $23,303.95.

In view of the above holding, it is not necessary for the Court to address the State of Ohio's alternative contention that the tax liability is nondischargeable under 11 U.S.C. § 523(a)(1)(A).