**In re Edward L. POLSTON and Jan C. Polston, Debtors.**

**Edward L. Polston and Jan C. Polston, Plaintiffs,**

v.

**United States of America, Department of the Treasury, Defendant.**

**Bankruptcy No. 1–97–02949.
Adversary No. 1–97–00256A.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Harrisburg Division.

March 4, 1999.

**278**

Clarence B. Turns, Harrisburg, PA, for plaintiffs.

Darren D. Farfante, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

### MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

### Procedural and Factual History

Before me is the Defendant's Motion to Dismiss the Debtors' Complaint which seeks a declaration that their federal income tax liabilities for tax years 1988 through 1996 are dischargeable and that the Defendant must release a lien which it holds against Debtor Jan C. Polston. The stipulated facts are as follows.

The Debtors did not file tax returns for tax years 1988 through 1996. For tax years 1988 through 1992, Edward Polston is indebted to the Internal Revenue Service (IRS) for unpaid, assessed income tax liabilities in the total amount of $6,000.67, excluding interest and penalties. For that same period, Debtor Jan C. Polston is indebted to the IRS for unpaid, assessed federal income tax liabilities in the amount of $10,179.19, excluding interest and penalties. On February 9, 1996, the IRS recorded a tax lien against Jan C. Polston in the amount of $10,165.19.

No estimated tax liabilities for the years 1993 through 1996 are of record.

Defendant's Motion to Dismiss asserts that all debts which the Complaint seeks to discharge are based on tax returns which the Debtors failed to file, and that 11 U.S.C. § 523(a)(1)(B)(i) precludes discharge of debts for a tax "with respect to which a return ... was not filed...." Debtors concede these points, but argue that interest and penalties over and above the principal tax are dischargeable.

Briefs have been filed on the Motion, and the matter is ripe for decision.

## Discussion

Before addressing the issue of the dischargeability of interest and penalties on tax debts, I note that the Debtors have abandoned their cause of action that seeks to avoid the Defendant's tax lien as a judicial lien impairing an exemption.[1] In its stead, their Brief alleges that because the lien against Jan C. Polston includes interest and penalties, it may be avoidable.

■ The Debtors have stipulated that the IRS "possesses a valid federal tax lien recorded on February 9, 1996 against Jan C. Polston in the amount of $10,165.19." They also have stipulated that that amount is exclusive of interest and penalties. Because they have so stipulated that the lien is valid in its face amount, the Debtors may not now challenge the lien, regardless of whether its amount includes interest and penalties or not. The conclusiveness of a stipulation has long been recognized in the courts.

> Stipulations ... prevent an independent examination by a judicial officer or body with respect to the matters stipulated. Valid stipulations are controlling and conclusive, and courts are bound to enforce such stipulations. Ordinarily courts have no power to make findings contrary to the terms of a stipulation.

*Burstein v. United States*, 232 F.2d 19 (8th Cir.1956); *citing, H. Hackfeld & Co. v. United States*, 197 U.S. 442, 447, 25 S.Ct. 456, 49 L.Ed. 826 (1905); *United States v. Kahriger*, 210 F.2d 565, 571 (3rd Cir.1954).

■ Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be considered as a summary judgment motion if the court considers matters outside the pleadings. *Foust v. FMC Corp.*, 962 F.Supp. 650, 651–52 (E.D.Pa.1997). A motion for summary judgment should be granted if the pleadings and any admissions in the record

show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *In re McElfresh*, 1996 WL 628086 (Bankr. S.D.Ohio), *citing, Fed.R.Civ.P. 65(c); Fed. R.Bankr.P. 7056*. Because of the parties' stipulations, I will consider the instant Motion to Dismiss as a Motion for Summary Judgment.

The precise issue before me is whether it may be concluded as a matter of law that the tax claims of the IRS in the instant case are non-dischargeable both in their principal amounts and in any interest and penalties added.

■ "The law is well settled that pre-petition interest is treated as part of the tax claim and is nondischargeable to the extent the underlying taxes are nondischargeable." *Matter of Simmons*, 227 B.R. 338 (Bankr.N.D.Ga.1998); *In re Larson*, 862 F.2d 112 (7th Cir.1988); *Gambone v. State of Ohio Dept. of Taxation*, 224 B.R. 611, 612 n. 2 (Bankr.N.D.Ohio 1998); *Pierce v. United States*, 184 B.R. 338, 344 (Bankr.N.D.Iowa 1995); *Jones v. United States*, 177 B.R. 541, 543 n. 2 (Bankr. N.D.Ohio 1994); *Leahey v. United States*, 169 B.R. 96, 99 (Bankr.D.N.J.1994); *Olson v. United States*, 154 B.R. 276, 282–83 (Bankr.D.N.D.1993); *Cinquegrani v. United States*, 1993 WL 134752 at *8 (Bankr. N.D.Ill.1993); *Carlen v. Dept. of Treasury Internal Revenue Serv.*, 1991 WL 424977 at *31 (Bankr.N.D.Ind.1991); *Brinegar v. United States*, 76 B.R. 176, 179 (Bankr. D.Colo.1987). Thus, I conclude that as a matter of law in the instant matter that the pre-petition interest on the instant tax debts is also nondischargeable.

The Code treats tax penalties separately from tax principal and interest. It holds such debts nondischargeable:

> (7) to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental

---

1. The Defendant has properly pointed out, in its brief on its Motion to Dismiss, that such liens are statutory, *see 26 U.S.C. § 6321*, and therefore non-avoidable. Debtor's brief adopts Defendant's discussion on this point, thereby conceding it.

unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

    (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. § 523(a)(7).

The Courts have disagreed as to whether the language of subsections (A) and (B) should be read in the disjunctive to allow the discharge of a tax penalty for a taxable period more than three years before the filing of the bankruptcy petition even if the underlying liability is nondischargeable.

*McElfresh,* at *2.

The disagreement centers on the triple negative contained in the language of § 523(a)(7). Some courts see that linguistic awkwardness as reason to look to the statutory history and to disregard the disjunctive "or" contained between subsections (A) and (B). Other courts, such as *Burns v. United States (In re Burns),* 887 F.2d 1541, 1543 (11th Cir.1989), follow the obvious disjunctive and hold that

    [a] tax penalty is discharged if the tax to which it relates is discharged (in the precise terms of the statute, not nondischargeable) or if the transaction or event giving rise to the penalty occurred more than three years prior to the filing of the bankruptcy petition. Since the statute uses the disjunctive, a tax penalty that does not qualify for discharge under one of the two aforementioned circumstances may still qualify under the other.

*Burns,* at 1543.

    ■ Following *Burns* and other similar decisions, *McElfresh* and *Simmons* concluded that penalties incurred more than

three years before the filing of the petition are dischargeable. I agree with the *Burns, McElfresh* and *Simmons* courts, and conclude, as a matter of law that penalties on income tax debts which are incurred more than three years pre-petition, are dischargeable.

    ■ For purposes of calculating the three year period, such penalties are "incurred" as of the date the tax return was due but was not filed. *Simmons,* at 341; *See also, Leahey v. United States,* 169 B.R. 96, 99 (Bankr.D.N.J.1994); *In re Teeslink,* 165 B.R. 708, 717 (Bankr.S.D.Ga.1994); *In re Stoll,* 132 B.R. 782, 787 (Bankr.N.D.Ga. 1990).

The instant petition was filed on July 14, 1997. Thus, the three year period would have commenced on July 15, 1994. Therefore, all penalties for returns due before that date are dischargeable. The return for tax year 1993 would have been due on April 15, 1994.[2] Thus, in the instant matter, tax penalties for all tax years prior to and including 1993 are dischargeable. All others are non-dischargeable.

Finally, the Debtors argue that the Motion to Dismiss may not be granted because some of the amounts of interest and penalties are not yet quantified, and so a hearing is necessary to determine said amounts. My ruling is not dependent on the amount of tax principal, interest or penalty involved. Therefore, evidence as to said amounts is not necessary.

■

---

**2.** There is no reason to believe, from the record, that the Debtors sought any extensions of the filing deadline.