272 B.R. 913 (2002)
In re Jonathan Ott ALLEN, Debtor.
No. 99-14294-RGM.
United States Bankruptcy Court, E.D. Virginia, Alexandria Division.
January 18, 2002.
*914 Richard J. Stahl, Fairfax, Virginia, for debtor.
Anita P. Winston, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C.

MEMORANDUM OPINION
ROBERT G. MAYER, Bankruptcy Judge.
THIS CHAPTER 13 CASE is before the court on the debtor's objection to the tax penalties included in the Internal Revenue Service's proof of claim. He asserts that the penalties were discharged in his prior chapter 7 case.

FACTS
Jonathan Ott Allen filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code on March 8, 1999. He received a discharge in that case on June 17, 1999. On August 14, 1999, he filed a voluntary petition in bankruptcy pursuant to chapter 13 of the United States Bankruptcy Code. The Internal Revenue Service filed a proof of claim in the chapter 13 case asserting unsecured priority claims for income taxes due for 1996, 1997, and 1998 and for penalties with respect to these taxes. The debtor objected to the proof of claim.

POSITIONS OF THE PARTIES
The debtor contends that the tax penalties were discharged in his chapter 7 proceeding. He argues that pursuant to § 727(b) all debts except those provided in § 523 are discharged. Section 523(a)(1)(A) provides that taxes of the kind and for the period specified in § 507(a)(8) are not discharged. Section 507(a)(8)(G), in turn, refers to "a penalty related to a claim of a type specified in this paragraph and in compensation for actual pecuniary loss". The tax penalties in this case relate to *915 priority taxes encompassed by § 507(a)(8)(A)(i) and are not in compensation for an actual pecuniary loss. The debtor concludes that the tax penalties are not included in § 507(a)(8)(G) and are, therefore, not excepted from discharge by the reference in § 523(a)(1)(A) to § 507(a)(8).
The Internal Revenue Service contends that the applicable code section is not § 523(a)(1) but rather § 523(a)(7)(B). This section provides that:
to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty 
(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition
it is not discharged. The Internal Revenue Service agrees with the debtor that the tax penalty is not in compensation for an actual pecuniary loss. It was, however, imposed with respect to an event  the non-payment of taxes  that occurred within three years of the filing of the petition. The tax penalty is, therefore, not within the ambit of the exception contained in clause (B) and, is governed by the general rule of § 523(a)(7): a penalty not in compensation of an actual pecuniary loss is not discharged.

DISCUSSION
The distinction between a tax, a penalty and a debt has a well-established history in bankruptcy practice. The Supreme Court has on a number of occasions been called upon to determine whether a particular extraction, whether or not called a "tax" in the statute creating it, was in fact a tax for purposes of bankruptcy law. In each instance, the Supreme Court looked behind the label placed on the extraction and to the operation of the provision. United States v. Reorganized CF & I Fabricators of Utah, Inc., et al., 518 U.S. 213, 220, 116 S.Ct. 2106, 2111, 135 L.Ed.2d 506 (1996); City of New York v. Feiring, 313 U.S. 283, 61 S.Ct. 1028, 85 L.Ed. 1333 (1941); New Jersey v. Anderson, 203 U.S. 483, 492, 27 S.Ct. 137, 140, 51 L.Ed. 284 (1906); New York v. Jersawit, 263 U.S. 493, 495-496, 44 S.Ct. 167, 167-168, 68 L.Ed. 405 (1924); United States v. New York, 315 U.S. 510, 62 S.Ct. 712, 86 L.Ed. 998 (1942); United States v. Sotelo, 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978). It is not necessary here to discuss the analysis required to distinguish between a tax, a penalty and a debt, but only to note that the distinction has been well-established for over a century in bankruptcy practice, first under the Bankruptcy Act of 1898 and now the Bankruptcy Code of 1978. Congress was aware of the distinction between taxes and penalties when it enacted the Bankruptcy Code in 1978 and provided separately for taxes and penalties in § 523. Section 523(a)(1) deals with taxes only. It does not use the word "penalty" nor does it address "penalties". Penalties are addressed in § 523(a)(7). Section 523(a)(7) does not address "taxes". It is apparent both from the structure of § 523 and the established practice under the Bankruptcy Act, that when Congress enacted the Bankruptcy Code it intended to address taxes separately and distinctly from penalties with respect to discharge, with taxes being addressed in § 523(a)(1) and penalties in § 523(a)(7).
The Internal Revenue Service's proof of claim must be divided into its components, each of which must be analyzed separately in order to resolve the question presented. The unsecured priority *916 claims asserted in the proof of claim are for unpaid income taxes for 1996, 1997, and 1998. They are evaluated under § 523(a)(1)(A). This section refers to § 507(a)(8). Section 507(a)(8)(A)(i) addresses income taxes "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due including extensions, after three years before the date of the filing of the petition." The petition date in the chapter 7 case was March 8, 1999. Three years prior to the petition date was March 8, 1996. All of the taxes included in the proof of claim were due after March 8, 1996. The 1996 income taxes, the oldest taxes due, were due on April 15, 1997. Consequently, the taxes are unsecured priority claims. They were not discharged in the prior chapter 7 case.
The penalties on the unsecured priority taxes are evaluated under § 523(a)(7). They are not taxes. They are penalties. The penalties are not in compensation for an actual pecuniary loss. Under the general rule set out in § 523(a)(7), fines, penalties and forfeitures not in compensation of actual pecuniary loss are not discharged in bankruptcy. Without more, the tax penalties would not be discharged. But, there is a special exception for tax penalties. Tax penalties are exempt from the general rule and are dischargeable unless they fall under either clause (A) or clause (B). In this case, clause (B) is the applicable clause. The penalties were imposed with respect to a transaction or event  the non-payment of income taxes for the three years in question  that occurred within three years before the filing of the petition. The penalty was incurred no earlier than the date of the non-payment or non-filing. The earliest such penalty was April 16, 1997. Three years prior to the filing of the original chapter 7 case was March 8, 1996. A tax penalty incurred with respect to a transaction or event before March 8, 1996, would have been discharged in the prior proceeding.[1] These tax penalties, however, fall within the three-year period and are not dischargeable. Roberts v. United States of America, 906 F.2d 1440 (10th Cir.1990); Burns v. United States of America, 887 F.2d 1541 (11th Cir.1989); Hanna v. United States of America, 872 F.2d 829 (8th Cir.1989); Polston v. United States of America, 239 B.R. 277 (Bankr.M.D.Pa.1999); Fox v. United States of America, 172 B.R. 247, (Bankr.E.D.Tenn.1994).

CONCLUSION
The proper analysis of the proof of claim is first to determine the nature of the claim  whether it is a tax or penalty. The dischargeability of taxes is governed by § 523(a)(1) which incorporates by reference § 507(a)(8).[2] The dischargeability of *917 tax penalties is governed by § 523(a)(7). In this case, the claims are tax penalties that arose from events or transactions that occurred within three years prior to the filing of the chapter 7 petition in bankruptcy and were, therefore, not discharged in the prior case.
NOTES
[1] The test for the determination of the dischargeability of a tax penalty is based on the date of the underlying transaction or event that gave rise to the penalty, not the dischargeability of the underlying tax. It is possible for the underlying tax to be discharged but the penalty not to be discharged. For example, a property tax is dischargeable if assessed before the commencement of the case and last payable without penalty more than one year before the filing of a petition. § 507(a)(8)(B). A penalty on such a property tax would not be discharged under § 523(a)(7)(B) until three years after the transaction or event giving rise to the penalty. Conversely, a tax required to be collected or withheld and for which the debtor is liable in any capacity  trust fund-type taxes  are not discharged. § 507(a)(8)(C). However, a penalty for non-payment is discharged if more than three years old. § 523(a)(7)(B).
[2] The reference to § 507(a)(8) is technically correct even though only § 507(a)(8)(A) through (F) will ever be consulted. Section 507(a)(8)(G) deals solely with penalties. Since the referring provision in § 523(a)(1) deals only with taxes, there will never be a need to invoke § 507(a)(8)(G) in a tax penalty analysis.