**In re James Victor KUCHAR, Debtor.**

**James Victor Kuchar, Plaintiff,**

**v.**

**Internal Revenue Service, United States of America, Defendant.**

**Bankruptcy No. 03–30029.**
**Adversary No. 03–7010.**

United States Bankruptcy Court,
D. North Dakota.

May 20, 2003.

James Victor Kuchar, James J. Coles, Coles Law Firm, P.C., Bismarck, ND, for Debtor.

Michael L. Wagner, Bismarck, ND, trustee.

---

**1.** The United States also lists the Debtor's liability for penalties for the 2001 tax year. However, the Debtor did not assert the dis-

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This case is before the Court on motion for summary judgment filed by Plaintiff/Debtor James Victor Kuchar on April 17, 2003. The United States of America, through the Internal Revenue Service, filed a motion to strike the Debtor's motion for summary judgment or, in the alternative, for summary judgment in its favor.

By Complaint filed February 21, 2003, the Debtor initiated an adversary proceeding seeking a determination that federal income tax liabilities owing for the 1997 and 1998 tax years are dischargeable because they are not priority claims as defined by 11 U.S.C. § 507(a)(8)(A) and that penalties on taxes owing for the 1997, 1998, 1999 and 2000 tax years are dischargeable because they are not priority claims as defined by 11 U.S.C. § 507(a)(8)(G).

By Answer filed March 26, 2003, the United States acknowledges that the Debtor's income tax liabilities for the 1997 tax year were satisfied prior to the filing of the Debtor's bankruptcy petition and concedes that the Debtor's federal income tax liabilities for the 1998 tax year are subject to discharge pursuant to section 507(a)(8)(A). Therefore, the only remaining dispute involves the penalties for the 1999 and 2000 tax years.[1] The United States answers that these penalties are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

The facts in this case are not in dispute. On January 9, 2003, the Debtor filed a Chapter 7 bankruptcy petition. The Debtor obtained an extension of time to file his

chargeability of penalties for the 2001 tax year in his Complaint; therefore, they are not discussed herein.

return for the 1999 tax year to October 15, 2000, and filed the return on November 27, 2000, incurring penalties on the same date for the late filing. The Debtor obtained an extension of time to file his return for the 2000 tax year to October 15, 2001, and filed the return on November 26, 2001, again incurring penalties on the same date for the late filing.

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr.P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Superpumper, Inc. v. Nerland Oil, Inc. (In re Nerland Oil, Inc.)*, 303 F.3d 911, 916 (8th Cir.2002); *Nelson v. Nelson (In re Nelson)*, 255 B.R. 314, 316 (Bankr. D.N.D.2000); *see* Fed.R.Civ.P. 56(c).

■ Section 523(a)(1)(A) of the Bankruptcy Code provides that taxes of the kind and for the period specified in section 507(a)(8) are not discharged. Section 507(a)(8)(G), in turn, refers to "a penalty related to a claim of a type specified in this paragraph and in compensation for actual pecuniary loss." Focusing on the argument that the 1999 and 2000 tax penalties are not "in compensation for actual pecuniary loss" consistent with section 507(a)(8)(G), the Debtor misses the proverbial forest for the trees. The penalties on the taxes are not evaluated under section 507(a)(8) because they are not taxes. They are penalties, and they are therefore evaluated under section 523(a)(7). See *In re Allen*, 272 B.R. 913, 916 (Bankr.E.D.Va. 2002); *Simmons v. United States (In re Simmons)*, 227 B.R. 338, 341 (Bankr. N.D.Ga.1998); *In re Brabham*, 212 B.R. 999, 1000 (Bankr.M.D.Ala.1997).

Section 523(a) provides that a debt is not discharged:

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition[.]

While section 523(a)(7) appears straightforward on its face, the Ninth Circuit Court of Appeals has appropriately termed this section an example "of excess negatives." *McKay v. United States,* 957 F.2d 689, 693 (9th Cir.1992). In an effort to eliminate any ambiguity caused by the excess negatives, the court in *McKay* provided the following explanation:

> Carefully parsed, the section initially makes nondischargeable a "debt that is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit." Withdrawn from this class, however, are any such fines, penalties, or forfeitures that are "compensation for actual pecuniary loss." These are dischargeable. The double negative, "does *not* discharge" and "*not* compensation for actual pecuniary loss," accomplishes this end.

> Another group of penalties are withdrawn from the nondischargeable group. These appear in parts (A) and (B) of section 523(a)(7). Part (A) withdraws tax penalties attributable to taxes which are not nondischargeable.

> \* \* \* \* \* \*

> The other group of penalties withdrawn from the nondischargeable group is described in part (B). It is quite straightforward. It makes dischargeable any tax penalty "imposed with re-

spect to a transaction or event that occurred before three years before the date of the filing of the petition." A penalty imposed on unpaid taxes accruing more than three years before the filing of the bankruptcy petition is dischargeable.

*McKay*, 957 F.2d at 693.

 The Debtor, in hanging his hat on section 507(a)(G)(8), not only concedes that the penalties are not compensation for actual pecuniary loss, he strenuously argues the point. Thus, under the general rule of section 523(a)(7), the penalties will not be discharged. Turning to the exceptions to the general rule, it is undisputed that the taxes involved are of the kind specified in section 523(1), and section 523(a)(7)(A) is therefore inapplicable. As regards part (B), the penalties were imposed with respect to a "transaction or event"—the nonpayment of income taxes for the 1999 and 2000 tax years—that occurred within the three years before the date of the filing of the petition in this case. The petition was filed on January 9, 2003. Three years prior to the petition date was January 9, 2000. Because the return for the 1999 tax return was not due until October 15, 2000, all of the dates involving the penalties at issue clearly fall within the three-year period prior to the bankruptcy petition filing. Thus, part (B) does not exempt the penalties at issue from discharge, and the penalties on the taxes owing for the 1999 and 2000 tax years are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

Based on the foregoing, James Victor Kuchar's motion for summary judgment is hereby GRANTED insofar as it sought a determination that the federal income tax liabilities owing for the 1997 and 1998 tax years are dischargeable, but is DENIED with respect to the penalties on the taxes owing for 1999 and 2000 tax years. The motion of the United States of America, Internal Revenue Service, to strike the Debtor's motion is in all respects DENIED, and its cross motion for summary judgment is GRANTED insofar as the penalties on the taxes owing for the 1999 and 2000 tax years are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**